UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAEL NAPOLI,

                Plaintiff,

      v.

243 GLEN COVE AVENUE GRIMALDI INC.
d/b/a Grimaldi's Pizzeria, FRANK CIOLLI,
JOSEPH A. CIOLLI, and 1 FRONT STREET
GRIMALDI, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

<u>ECF CASE</u>

No.: 2:13-cv-5828 (JFB) (WDW)

<u>FIRST AMENDED COMPLAINT</u>

<u>JURY TRIAL DEMANDED</u>

<u>NATURE OF THE ACTION</u>

1.    Plaintiff Michael Napoli ("Napoli") alleges under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that he is entitled to from Defendants (i) unpaid minimum wages, (ii) unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law, and (iii) liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2.    Plaintiff Napoli further complains that he is entitled to (i) back wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by the New York Labor Law ("NYLL") §§ 650 *et seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL), (ii) unpaid regular wages, (iii) unpaid minimum wages, (iv) reimbursement of business expenses, and (v) liquidated damages under the NYLL, as amended by the Wage Theft Prevention Act ("WTPA").

3.      Plaintiff Napoli further asserts claims under the common law of the State of New York of unjust enrichment and *quantum meruit.*

JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Napoli's state law claims under 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff Napoli's FLSA claims under 29 U.S.C. § 216(b).

5.      With this Complaint, Plaintiff Napoli consents to be a party plaintiff to the claims under 29 U.S.C. § 216(b).

6.      Venue is proper in this district under 28 U.S.C. §1391(b).

THE PARTIES

7.      Plaintiff Napoli was, at all relevant times, an adult individual, residing in Glen Head, New York, County of Nassau.

8.      Upon information and belief, 243 Glen Cove Avenue Grimaldi Inc. ("Grimaldi's Sea Cliff") is a domestic corporation, organized and existing under the laws of the State of New York, which is licensed to do business in the State of New York with a principal place of business at 243 Glen Cove Avenue, Sea Cliff, New York 11579. Upon information and belief, Defendants F. Ciolli and J. Ciolli wholly own Grimaldi's Sea Cliff and 1 Front Street, Grimaldi, Inc. ("Grimaldi's Brooklyn"), and/or Grimaldi's Sea Cliff is a wholly owned subsidiary of Grimaldi's Brooklyn.

9.      Upon information and belief, Defendant Grimaldi's Sea Cliff is an enterprise engaged in commerce or in the production of goods for commerce.  Defendant Grimaldi's Sea Cliff is engaged in commerce or in the production of goods for

commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.  These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, paperware, silverware, produce, and pizza ovens.

10.    Upon information and belief, 1 Front Street Grimaldi, Inc. ("Grimaldi's Brooklyn") is a domestic corporation, organized and existing under the laws of the State of New York, which is licensed to do business in the State of New York with a principal place of business at 1 Front Street, Brooklyn, New York, 11201.  Upon information and belief, Defendants J. Ciolli and F. Ciolli wholly own Grimaldi's Brooklyn.

11.    Upon information and belief, Defendant Grimaldi's Brooklyn is an enterprise engaged in commerce or in the production of goods for commerce.  Defendant Grimaldi's Brooklyn is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.  These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, paperware, silverware, produce, and pizza ovens.

12.    Defendant Frank Ciolli ("F. Ciolli") owns, operates and/or controls the day-to-day operations and management of Defendants Grimaldi's Sea Cliff and Grimaldi's Brooklyn and jointly employed Plaintiff Napoli at all relevant times.

13.    The address of Defendant F. Ciolli is 12 North Drive, Malba, New York 11357.

14.     Defendant Joseph Ciolli ("J. Ciolli") owns, operates and/or controls the day-to-day operations and management of Defendant Grimaldi's Sea Cliff and/or Grimaldi's Brooklyn and jointly employed Plaintiff Napoli at all relevant times.

15.     The address of Defendant J. Ciolli is presently unknown but his business address is 15005 N. Northsight Boulevard, Scottsdale, Arizona 85260.

16.     Each Defendant, either directly or indirectly, has hired Plaintiff Napoli, has the authority to hire and fire Plaintiff Napoli, controlled Plaintiff Napoli's work schedules and conditions of employment, determined the rate and method of his payment, and kept at least some records regarding his employment.

17.     Defendants jointly employed Plaintiff Napoli at all relevant times and acted intentionally and maliciously and are "employers" under the FLSA, 20 U.S.C. § 203(d), and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL Section 2 and the regulations thereunder and are jointly and severally liable.

## STATEMENT OF FACTS

18.     Defendant F. Ciolli is Defendant J. Ciolli's father.

19.     Upon information and belief, F. Ciolli and J. Ciolli jointly own and operate each of the Grimaldi's Pizzerias, which are located throughout the United States.

20.     Upon information and belief, Defendant J. Ciolli owns the trademarks and trade names associated with "Grimaldi's Pizzeria."

21.     Between 1998 and 2013, F. Ciolli and J. Ciolli opened Grimaldi's Pizzerias in several states, including New Jersey, New York, Arizona, Nevada, Florida and California.

22.     Upon information and belief, Grimaldi's Brooklyn is the parent company of each of the locations that are located throughout the United States, through which decisions are made were to expand and operational decisions are made for each location, including hours of operation and vendors.

23.     In opening the pizzerias, F. Ciolli and J. Ciolli would sometimes partner with another individual.

24.     Upon information and belief, with the goal of increasing the sale price of the Grimaldi's Pizzerias or, alternatively, to attract outside investors, F. Ciolli and J. Ciolli decided to open as many pizzerias as possible.

25.     At all relevant times, Defendants own and operate a pizzeria that is located at 243 Glen Cove Avenue, Sea Cliff, New York 11579 ("Grimaldi's Sea Cliff").

26.     Defendants F. Ciolli and J. Ciolli are, upon information and belief, corporate officers of Grimaldi's Sea Cliff who control significant functions of the pizzeria.

27.     Defendants F. Ciolli and J. Ciolli have operational control of Grimaldi's Sea Cliff.

28.     Plaintiff Napoli commenced employment with Defendants as manager of Grimaldi's Sea Cliff on or about June 17, 2011.

29.     As a managerial employee, Plaintiff Napoli worked to help Grimaldi's Sea Cliff be open and ready for business by performing a variety of services: disposed of unwanted equipment left behind by the prior tenant, liaising with the contractors, ordering and purchasing inventory and supplies, interviewing and hiring employees, and

arranging for several contractors to perform and complete necessary work to ready the premises for business.

30.     Following the opening of Grimaldi's Sea Cliff, Plaintiff Napoli continued to perform his managerial duties, including keeping books and records, opening and closing the restaurant, ordering food and supplies and supervising the employees.

31.     From June 17, 2011 to when the restaurant opened on January 1, 2013, Plaintiff Napoli worked an average of thirty (30) hours per week.

32.     After the January 1, 2013 opening, Plaintiff Napoli worked and continues to work fifty (50) plus hours per week.

33.     Despite working these hours and performing these duties, Defendants did not and have not compensated Plaintiff Napoli for any of his hours worked.

34.     Upon information and belief, Defendants' highest paid employee was paid $20.00 per hour.

35.     $20.00 per hour is a reasonable hourly rate to compensate Plaintiff Napoli for his services.

36.     Defendants did not pay Plaintiff Napoli the statutory minimum wage for his hours worked.

37.     Upon information and belief, Defendants intended to compensate Plaintiff Napoli solely through a percentage of Grimaldi's Sea Cliff net profits – if any.

38.     Defendants did not pay Plaintiff Napoli one and one-half (1.5) times his regular hourly rate for each hour he worked in excess of forty (40) in a week.

39.     Plaintiff Napoli discussed with Defendant F. Ciolli the duties he was performing at the restaurant.

40.     Defendants were aware of Plaintiff Napoli performing these duties, permitted him to perform these duties and knowingly did not compensate him for any of these duties.

41.     Plaintiff Napoli has complained to Defendant F. Ciolli about not being compensated for his hours worked.

42.     Plaintiff Napoli has spent in excess of $155,000.00 of his own money on business-related expenses in the course of his employment with Defendants:  paying for chairs, marble, wood and other restaurant supplies, purchasing inventory, equipment, computers, and televisions.

43.     Plaintiff Napoli has discussed these out-of-pocket business-related expenses with Defendant F. Ciolli, including providing his attorney (Matt Tedone of Tedone and Tedone, 983 Willis Avenue, Suite 201, Albertson, New York 11501) with a schedule detailing these expenses.

44.     To date, Defendants have not reimbursed Plaintiff Napoli for his business-related expenses.

45.     Defendants have knowingly refused to reimburse Plaintiff Napoli for his business-related expenses.

46.     Defendants have long maintained that Plaintiff Napoli is an employee – not a partner – of his.

47.     Defendants delayed and frustrated Grimaldi's Sea Cliff ability to obtain a liquor license from the New York State Liquor Authority, resulting in a meaningful decrease in Grimaldi's Sea Cliff current and future revenue.

48.     Defendants did not take the necessary, good faith steps to obtain a liquor license from the New York State Liquor Authority.

49.     Defendants acted with the deliberate intent to hurt Grimaldi's Sea Cliff revenue stream.

50.     Through his fifty-plus hour workweeks and spending more than $155,000 of his own money on business-related expenses, Defendants benefited from Plaintiff Napoli's services.

51.     Plaintiff Napoli conferred the benefit of his services upon Defendants in good faith and with the reasonable expectation and understanding he would be compensated the reasonable value for his services and reimbursed for his expenses.

52.     Defendants accepted Plaintiff Napoli's services and the expenses he paid.

53.     Defendants benefited from Plaintiff Napoli's services through the revenue his services generates, the expenses they did not pay, and his services and out-of-pocket expenses helped to expand their pizzeria empire that they are looking to sell.

54.     Defendants' acceptance of Plaintiff Napoli's services gave rise to an implied contract to pay him for the reasonable value for his services.

55.     Defendants have intentionally failed and refused to compensate Plaintiff Napoli for his services and reimburse him for his expenses.

56.     Defendants did not pay Plaintiff Napoli the reasonable value for his services, which go beyond the statutory minimum wage.

57.     Defendants have been unjustly enriched at the expense of Plaintiff Napoli.

58.     As a direct and proximate result, Plaintiff Napoli has been damaged and is entitled to recover from Defendants the amount of his unpaid compensation and unreimbursed, out-of-pocket expenses.

59.     Through his services and out-of-pocket expenses, Defendants benefited from and were enriched at Plaintiff Napoli's expense.

60.     Defendants have obtained the benefit of Plaintiff Napoli's services without adequately compensating him for them, and Defendants have obtained the benefit of his out-pocket-expenses without reimbursing him.

61.     Defendants' benefits far exceed any benefits Plaintiff Napoli received as their employee.

62.     Defendants' enrichment was and remains at Plaintiff Napoli's expense.

63.     It is against equity and good conscience to permit Defendants to retain the benefit of Plaintiff Napoli's services without compensating him the reasonable value of his services, which go beyond the statutory minimum wage, and not to reimburse him for his out-of-pocket expenses.

<u>FIRST CAUSE OF ACTION</u>

FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

64.     Plaintiff Napoli repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

65.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

66.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff Napoli within the meaning of the FLSA.

67.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

68.     Pursuant to 29 C.F.R. §§ 541.600(a), Defendants cannot claim Plaintiff Napoli is exempt for overtime purposes under the FLSA as he was not paid any salary.

69.     Defendants were required to pay Plaintiff Napoli no less than one and one-half (1.5) times the regular rate at which he was employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

70.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff Napoli for the hours he worked in excess of forty (40) hours per workweek.

71.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff Napoli overtime wages.

72.     As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff Napoli, Defendants have failed to make, keep and preserve records with respect to Plaintiff Napoli sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

73.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

74.     As a result of Defendants' violations of the FLSA, Plaintiff Napoli has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

75.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff Napoli.

<u>SECOND CAUSE OF ACTION</u>

FAIR LABOR STANDARDS ACT - FAILURE TO PAY THE MINIMUM WAGE

76.     Plaintiff Napoli repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

77.     Defendants knowingly failed to pay Plaintiff Napoli the minimum wage to which he was entitled under the FLSA, 29 U.S.C. § 206(a).

78.     Defendants were required to pay Plaintiff Napoli the minimum wage for all hours worked.

79.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff Napoli.

80.     As a result of Defendants' violations of the FLSA, Plaintiff Napoli has suffered damages by being denied the minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION

NEW YORK LABOR LAW – UNPAID OVERTIME

81.     Plaintiff Napoli repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

82.     Defendants are employers within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Napoli.

83.     Pursuant to NYLL § 142-2.14(c)(4), Defendants cannot claim Plaintiff Napoli is exempt for overtime purposes under the NYLL as he was not paid any salary.

84.     Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Napoli one and one-half (1 ½) times his regular rate of pay for all hours he worked in excess of forty (40).

85.     Defendants failed to pay Plaintiff Napoli the overtime wages to which he is entitled under the NYLL.

86.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff Napoli his wages.

87.     Due to Defendants' violations of the NYLL, Plaintiff Napoli is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

FOURTH CAUSE OF ACTION

NEW YORK LABOR LAW – UNPAID REGULAR WAGES

88.     Plaintiff Napoli repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

89.     Defendants did not pay Plaintiff Napoli his wages owed semi-monthly or on the designated regular pay days, violating NYLL § 191(1-d).

90.     Plaintiff Napoli is entitled to his unpaid wages, which are to be calculated at the reasonable rate of $20.00 per hour, under NYLL § 1981(1).

91.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff Napoli his regular wages.

92.     Due to Defendants' violations of the NYLL, Plaintiff Napoli is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

FIFTH CAUSE OF ACTION

NEW YORK LABOR LAW – FAILURE TO PAY MINIMUM WAGE

93.     Plaintiff Napoli repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

94.     Defendants knowingly failed to pay Plaintiff Napoli the minimum wage to which he was entitled under NYLL § 652.1.

95.     Defendants were required to pay Plaintiff Napoli the minimum wage for all hours worked.

96.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff Napoli.

97.     Due to Defendants' violations of the NYLL, Plaintiff Napoli is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

<u>SIXTH CAUSE OF ACTION</u>

NEW YORK LABOR LAW – FAILURE TO REIMBURSE EMPLOYMENT-
RELATED EXPENSES

98.     Plaintiff Napoli repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

99.     Defendants failed to pay Plaintiff Napoli the full amount of his wages as a result of failing to reimburse him for his work-related expenses, constituting *de facto* deductions of his wages, violating NYLL Article 6 § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

100.     Defendants have willfully failed to reimburse Plaintiff Napoli for work-related expenses he incurred during the course of employment for Defendants, reducing his hourly rate below the statutory minimum.

-14-

101.    Due to Defendants' violations of the NYLL, Plaintiff Napoli is entitled to recover from Defendants reimbursement for his employment-related expenses, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

SEVENTH CAUSE OF ACTION - UNJUST ENRICHMENT

102.    Plaintiff Napoli repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

103.    Defendants were enriched by Plaintiff Napoli's services as their employee.

104.    Defendants' enrichment was at Plaintiff Napoli's expense.

105.    It is against equity and good conscience to permit Defendants to retain the benefit of Plaintiff Napoli's services and out-of-pocket expenses without compensating him or reimbursing him.

EIGHTH CAUSE OF ACTION - *QUANTUM MERUIT*

106.    Plaintiff Napoli repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

107.    Plaintiff Napoli performed his services in good faith as an employee of Defendants.

108.    Defendants accepted Plaintiff Napoli's services.

109.    Plaintiff Napoli paid out-of-pocket expenses in good faith as an employee of Defendants.

110.    Plaintiff Napoli expected to be compensated at the reasonable value for his services on behalf of Defendants and expected to be reimbursed for his for out-of-pocket expenses.

111.    Plaintiff Napoli did not receive the full value in exchange for his services because he was not compensated for his services nor was he reimbursed for his out-of-pocket expenses.

112.    Defendants were unjustly enriched by the uncompensated value of the services Plaintiff Napoli provided and by the unreimbursed expenses Plaintiff Napoli paid.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Napoli respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.    An award of unpaid overtime compensation under the FLSA and NYLL;

c.    An award of unpaid regular wages under the NYLL;

d.    An award of unpaid minimum wage under the FLSA and NYLL;

e.    An award of reimbursement for employment-related expenses under the NYLL;

f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and the minimum wage under the FLSA;

g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, regular wages and the minimum wage and failure to reimburse the employment-related expenses under the NYLL;

h.      An award, jointly and severally against the Defendants, for loss of compensation and financial harm, in amount that cannot be accurately determined at this time, but with an estimated value of $258,000.00.

i.      An award, jointly and severally against the Defendants, for any and all other economic loss in an amount not less than $258,000.00;

j.      An award of prejudgment and post-judgment interest;

k.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.      Such other and further relief as this Court deems just and proper.


<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Napoli demands a trial by jury on all questions of fact the First Amended Complaint raises.

Dated:  New York, New York
        December 18, 2013

                    BRONSON LIPSKY LLP



                    _____
                    Douglas Lipsky (DL-9372)
                    630 Third Avenue, Fifth Floor
                    New York, New York 10017-6705
                    Phone:  212.392.4772
                    Fax:  212.444.1030
                    dl@bronsonlipsky.com

                    *Attorneys for Plaintiff Napoli*