UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X   Civil Action No. 2:13-cv-5828 (JFB)
MICHAEL NAPOLI,

     Plaintiff,

  - against -             **Declaration of Frank Ciolli in Support of Motion to Dismiss**

243 GLEN COVE AVENUE GRIMALDI INC.
d/b/a Grimaldi's Pizzeria, FRANK CIOLLI,
JOSEPH A. CIOLLI, and 1 FRONT STREET
GRIMALDI, INC.,

     Defendants.
------------------------------------------------------------X

  I, Frank Ciolli, declare as follows pursuant to 28 U.S.C. § 1746:

  1.  I am an individual defendant in this action.

  2.  I am the sole shareholder of defendants 243 Glen Cove Avenue Grimaldi, Inc. ("Grimaldi's Sea Cliff") and 1 Front Street Grimaldi, Inc. ("Grimaldi's Brooklyn").

  3.  I have knowledge of the facts herein.

  4.  I submit this declaration in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (attached hereto as Exhibit A).

  5.  1 Front Street Grimaldi, Inc. operates the famous Grimaldi's Pizzeria at 1 Front Street, Brooklyn, New York. The sole business of such corporation is the operation of the Brooklyn pizzeria and it has no relationship to this action. It is not a shareholder of defendant Grimaldi's Sea Cliff or any other company. It has no assets other than the Brooklyn business.

  6.  1 Front Street Grimaldi, Inc. was formed in 2012 but did not engage in any business activity until 2014, when the operations of the Brooklyn pizzeria were reorganized. As of the date the First Amended Complaint was filed (December 18, 2013) the company had not earned any gross revenues and had not yet commenced any business in commerce.

7. Plaintiff does not allege that he performed any services for, or at, Grimaldi's Brooklyn, or that had any dealings with Grimaldi's Brooklyn. He had none.

8. The dispute with Mr. Napoli arises out of the opening and operation of a Grimaldi's restaurant at 243 Glen Cove Avenue, Sea Cliff, New York in or about January 2013 (the "Restaurant").

9. Mr. Napoli approached me because he was interested in operating a Grimaldi's pizzeria in Sea Cliff, New York near his home. After preliminary discussions with Mr. Napoli I caused Grimaldi's Sea Cliff to be formed and to sign a lease at a location on Glen Cove Avenue. As discussions proceeded, Sea Cliff commenced construction of the Restaurant.

10. We were unable to agree on the essential terms of an agreement, and no agreement was ever signed. Mr. Napoli resolved this disagreement by opening the Restaurant in January 2013 without any agreement in place and without my consent. Mr. Napoli hired and trained all employees, set up the operating systems, ordered food and supplies and commenced operations without my involvement or consent.

11. Mr. Napoli publicized his opening of the Restaurant with several newspaper and internet articles, copies are attached hereto as Exhibit B. Plaintiff caused himself to be described as the "owner" or "franchisee" in these articles. He is not described as the manager or as an employee. There is no mention of me.

12. Since its opening, Mr. Napoli has been solely responsible for each and every facet of the operation of the Restaurant. I have not had any control over Mr. Napoli or any other worker at the Restaurant. Mr. Napoli appointed himself as manager and solely made the decision regarding whether or not to pay himself a salary.

13. Mr. Napoli has been solely responsible for hiring, firing, setting the wages and terms of employment, supervising and keeping records of the employment of each employee of the Restaurant. As the manager of the Restaurant, Mr. Napoli has been solely responsible for all operations and finances, including making disbursements and deposits, excluding me from any role in connection with the operation of the Restaurant. I have never been involved in the day-to-day operations of the Restaurant.

14. I do not know to what extent Mr. Napoli has operated the Restaurant whether under the Grimaldi's Sea Cliff corporation, some other entity or as a sole proprietor. I have no access to the books and records of Grimaldi's Sea Cliff and Mr. Napoli has refused to allow the company's accountants to access the books and records to file sales and income tax returns. I do not know whether or not Mr. Napoli was in fact paid any compensation because I have no access to the books and records. I do know that in or about January 2013, without my knowledge, Mr. Napoli caused the lease for the restaurant space to be reissued in his individual name. Attached hereto as Exhibit C is a lease for 243 Glen Cove Avenue signed by the landlord and by Michael Napoli, individually, as the tenant

15. Plaintiff claims that "Defendants delayed and frustrated Grimaldi's Sea Cliff ability to obtain a liquor license from the New York State Liquor Authority, resulting in a meaningful decease in Grimaldi's Sea Cliff current and future revenues" and deliberately hurt the Restaurant's revenue stream. *Complaint ¶47-49*. Such statement is contradicted by the public records of the New York State Liquor Authority ("SLA").

16. Attached hereto as Exhibit D is a print out of the public records of the SLA which proves that in Mr. Napoli's own application (under oath) with the New York State Liquor Authority, Mr. Napoli named himself as the "principal" and requested that a liquor

license be issued in his name as the sole "proprietor" at the premises. Mr. Napoli's statement under oath that he was the sole "proprietor", not the corporation or my Ciolli is an admission that he was not an employee and warrants dismissal of the FLSA claims.

17. While it makes absolutely no sense that Grimaldi's Sea Cliff would sabotage its own business, the inclusion of such argument in the Complaint establishes that the true nature of the dispute is not the failure to pay minimum wage and overtime to an employee, but a dispute regarding ownership of the business.

18. I respectfully request that the Court grant Defendants' Motion to Dismiss.

19. Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 1, 2014

_____
Frank Ciolli