

**Palmieri, Castiglione & Associates, P.C.**
**Attorneys at Law**
250 Mineola Boulevard, Mineola, New York 11501
Tel: 516-248-9595 ext. 125 – Fax: 516-248-7897

February 22, 2019

**Via ECF**
Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re:    Michael Napoli v. 243 Glen Cove Avenue Grimaldi, Inc., et al.
              Civil Action No.: 2:13-cv-5828 (JFB)
              Post-Trial Letter Brief

Dear Judge Bianco:

    Our office represents the Defendants in the above-captioned action. We respectfully submit this letter brief in accordance with your Honor's February 1, 2019 directive for Defendants to submit a letter brief regarding: (i) paragraph 16 of Plaintiff's proposed findings of law; and (ii) case law regarding the interpretation of the "at least 20% equity interest" rule.

### I.  Plaintiff's Proposition That An Individual Cannot Carry Out A Joint Venture With A Corporation

    It is respectfully submitted that the Court should reject paragraph 16 of Plaintiff's proposed conclusions of law, which posits that since Plaintiff Michael Napoli ("Napoli") entered the venture with Defendant Frank Ciolli ("Ciolli"), and Ciolli elected to participate through the corporate form of 243 Glen Cove Avenue Grimaldi, Inc. ("243 Glen Cove"), in order to protect his tradename "Grimaldi's" a joint venture could not have existed.

    First, the proposition of law cited by the Plaintiff is a complete red herring. Each case cited by the Plaintiff stands for the proposition that two individuals who both elect to do business as a corporation, could then not maintain causes of action against each other as individuals in a joint venture – since they both elected the corporate form, they only have the rights, duties, and obligation of stockholders. While there are exceptions, and qualifications to this rule (*See Matter of Hochberg v. Manhattan Pediatric Dental Group, P.C.,* 41 AD3d 202, 204 [1st Dept 2007]; *Richbell Info. Servs. v. Jupiter Partners,* 309 A.D.2d 288, 299–300 [1st Dept 2003]; and *Blank v. Blank,* 222 A.D.2d 851, 852 [3d Dept 1995]), however, this rule is inapplicable to the facts of this case, as both Napoli and Ciolli did not, together, elect to do business in the corporate form of 243 Glen Cove.

Judge Joseph F. Bianco
February 22, 2019
Page 2 of 4

It is undisputed that Ciolli formed the corporate entity (243 Glen Cove) in order to protect the rights to the "Grimaldi" name as he had agreed to do in the license agreement with his son. Plaintiff Napoli even confirmed the same over and over again when he stated that he was never an owner or shareholder of the corporate entity. In fact, it is clear that the reason for the entity was to comply with the license agreement and not for Ciolli and Napoli to operate the enterprise or pizzeria as is now claimed by the Plaintiff.

In *Nasso v. Segal*, 263 F. Supp. 2d 596, 618 (E.D.N.Y. 2003)(cited by Napoli), plaintiff Nasso and defendant Segal formed a corporation wherein Nasso would produce four movies for Segal to star in. The Court held that, since <u>both parties were shareholders</u> and adopted the corporate form to carry out these activities, therefore they only have the rights, duties, and obligations of stockholders – accordingly, Nasso's claims of a joint venture was dismissed, since the obligations of the parties to each other were that of stockholders

Similarly, in *Bevilacque v. Ford Motor Co.*, 125 A.D.2d 516 (2d Dept. 1986) (cited by Napoli), plaintiff owned 22% of a Best Ford, Co., and Ford Motor Co. owned the remaining 78%. Since the parties elected the corporate form in running their business entity, the court held that plaintiff could not sustain a cause of action sound in a joint venture. Finally in *Weisman v. Awnair Corp. of Am.*, 3 NY2d 444, 449 (1957)(the final case cited by Napoli), the court rejected a joint venture argument between the parties as they all elected to form a corporation to conduct their business; therefore, their rights, duties, and obligations are that of stockholders, not joint venture's.

The foregoing case law supports the proposition that, if individuals seeking to carry out a business venture, form a corporate entity, together, then their rights are limited to that of stockholders, not joint ventures'. These cases are clearly distinguishable from the facts of the instant action, as Napoli was never a stockholder of 243 Glen Cove. Therefore, this proposition of law is inapplicable.

Notwithstanding the foregoing, Courts have carved out an exception, or qualification, with respect to this proposition of law, which permits individuals to continue to operate under the terms of a partnership agreement between themselves as long as third parties, such as creditors, are not involved in the enforcement and the joint venture agreement does not conflict with the corporation's functioning. *See Matter of Hochberg v. Manhattan Pediatric Dental Group, P.C.,* 41 A.D.3d 202, 204 (1st Dept 2007); *Richbell Info. Servs. v. Jupiter Partners,* 309 A.D.2d 288, 299–300 (1st Dept 2003); and *Blank v. Blank,* 222 A.D.2d 851, 852 (3d Dept 1995).

The Court need look no further than an analogous case in *Brady v. Erlanger*, 165 AD 29 (1st Dept 1914). In *Brady*, plaintiff and defendant leased a theater for a term of years, to divide the profits derived from the same. The court held that the two remained joint adventurers, notwithstanding, the defendant, in order to carry on the theater, organized a corporation in which he and his employees held all the stock, where the plaintiff held no stock and received no dividends. *Id.*

Judge Joseph F. Bianco
February 22, 2019
Page 4 of 4

There are numerous other cases in which an individual and a corporation engage in a joint venture together. *See Titus v. Empire Mink Corp.*, 17 N.Y.S.2d 909,912 (Sup. Ct., Kings Cty 1939)(individual plaintiff and corporate defendant that shared profits on production and sale of mink were a joint venture); *Canet v. Gooch Ware Travelstead*, 917 F Supp 969, 988 (EDNY 1996) (individual plaintiff entitled to profits on certain projects done with corporate defendant from joint venture agreement); and *Fitzpatrick v. Sony-BMG Music Entertainment, Inc.*, 07CIV.2933(SAS), 2007 WL 2398801, at *1 (S.D.N.Y. Aug. 15, 2007)(plaintiff was a sole proprietor d/b/a Artemis that formed a joint venture with corporate defendants whom distributed his records).

It is respectfully submitted that the Court should reject the Plaintiff's proposed conclusion of law with respect to the instant action because Napoli was not a shareholder in 243 Glen Cove; therefore, Napoli and Ciolli did not collectively adopt 243 Glen Cove as their corporate form, and instead, opted to enter the business venture as joint venturers: Napoli as a sole proprietor, and Ciolli forming a 243 Glen Cove on his part to protect the trademark Grimaldi name.

## II. The Executive Business Owner Exemption Is Applicable to Napoli

Assuming *arguendo*, the Court were to find that a joint venture did not exist between Napoli and Ciolli, Napoli would still not be entitled to lost wages or reimbursement of his $155,000 investment that he has attempted to couch as "out-of-pocket business expenses" because of the business owner exemption.

The Plaintiff's position that the 20-percent equity interest means that the same has to be in the corporate entity itself is misguided. The exact quote from the regulation is as follows:

> The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the [FLSA] Act also includes any employee who owns at least a bona fide 20–percent **equity interest in the enterprise in which the employee is employed, regardless of whether the business is a corporate or other type of organization**, and who is actively engaged in its management. The term "management" is defined in § 541.102. The requirements of Subpart G (salary requirements) of this part do not apply to the business owners described in this section. (29 CFR 541.101)(**emphasis added**).

The statute itself specifically uses the term "enterprise" rather than corporation, and states regardless of whether the business is a corporat[ion] or other type of organization, because, contrary to Plaintiff's contention, this statute does not apply only to stockholders in a corporation. Instead, it applies to any type of business venture or enterprise, wherein an individual has at least a 20-percent equity interest (not ownership interest). Indeed, if the drafters of the law were intending to limit the interest only to ownership, they would have stated such, and not use the term "enterprise" which connotes the profit motivated activity and not just the legal entity that operates the enterprise.

Judge Joseph F. Bianco
February 22, 2019
Page 4 of 4

    In this action, there is no dispute between the parties that Napoli had a 50-percent equity interest in the enterprise, also known as, the pizzeria restaurant. Further, there is no dispute that Napoli was engaged in the restaurant's management (as defined in 29 CFR 541.102), as he interviewed, trained, hired, and fired its employees, as well as set their rates of pay and hours of work, in addition to controlling all of the enterprises' cash money (legal tender), and its only bank account.

    If your Honor requires any additional briefings, or has any questions, please do not hesitate to contact the undersigned at your convenience. Thank you in advance for your attention to this matter.

    Very truly yours,

    */s/ Vito A. Palmieri*
    Vito A. Palmieri, Esq.

MNI:dj

CC: All Counsel of Record via ECF